**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

THOMAS HERBER, *et al.*,

    Plaintiffs,

v.                                                              No. CIV 02-577 BB/RHS
                                                                         **as consolidated with**
                                                                         No. CIV 02-947 BB/RHS

UNION PACIFIC RAILROAD COMPANY,
a Delaware Corporation,

    Defendant/Third-Party Plaintiff,

v.

BRIAN KURTZ TRUCKING, LTD., a
corporation organized and existing under the
laws of Canada, *et al.*,

    Defendants/Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of the motion for judgment on the pleadings filed by all parties against whom Union Pacific has pending claims for contribution, indemnification, proportional indemnification, and proration of fault/comparative responsibility (hereinafter "Defendants") (CIV 02-577 Doc. 190).[1] The Court has reviewed the submissions of

---

[1] This includes Brian Kurtz Trucking, Ltd.; Atlanta Peach Movers, Inc.; Zimmerman Trucking Lines, Inc.; U.S. Xpress, Inc.; Logan Municipal School District; Diane Bruhn; Angie Schell; Colleen Slota; Harvey Carnelas; Melvin Parkes; Richard Huff, Jr.; Betty Carter; Edward Carter; Peggy Cole; Jimmy Don Cole; and Tamara Wenzel as the representative of the estates of William and Barbara Herber.

the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be GRANTED.

## I.
## FACTS AND PROCEDURAL HISTORY

This litigation arises from a March 8, 2002 automobile accident that occurred on Interstate 40 near Cuervo, New Mexico.  Prior to the accident, a grass fire ignited north of the interstate near a portion of railroad track Union Pacific employees were attempting to repair.  The fire spread southeast, producing smoke that blew across a section of the highway.  Thirteen eastbound vehicles collided within the smoke-covered section of road, leaving five people dead and numerous others injured.

On May 21, 2002, representatives for the estates of individuals killed in the accident, joined by surviving relatives, filed suit against Union Pacific (or "the Railroad") under the New Mexico Wrongful Death Act and state common law (CIV 02-577 Doc. 1).  They sought to hold the Railroad responsible for the accident based on allegations that its employees negligently started the grass fire while using track-mounted torches to heat the damaged rail.   Union Pacific has settled with all of the original Plaintiffs except the estates of William and Barbara Herber and members of the Herber family.

Since the litigation began, the Railroad has filed a third-party complaint (CIV 02-577 Doc. 8 as amended at Doc. 27), a separate suit (CIV 02-947 Doc. 1), and ten cross-claims (CIV 02-577 Docs. 67, 68, 69, 95, 99, 100, 101, 103, 106, 107) in an effort to ensure it is not forced to pay damages arising from Third-Party Defendants' tortious conduct.  In the motion under consideration, these Defendants argue that the claims should be dismissed on the pleadings based

on the failure of Union Pacific to support them with factual allegations that provide a valid basis for relief. After briefing on the motion was complete, the Herber Plaintiffs filed an amended complaint reasserting their claims against Union Pacific and adding claims against Brian Kurtz Trucking, Ltd., Atlanta Peach Movers, Inc., Zimmerman Trucking Lines, Inc., U.S. Xpress Enterprises, Inc., U.S. Xpress LSG, Inc., U.S. Xpress Leasing, Inc., the Logan Municipal School District, and Diane Bruhn (Doc. 395). This opinion will, however, continue to refer to the Third-Party Defendants and Union Pacific in order to differentiate the current "Defendants."

## II.
## STANDARD OF REVIEW

The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard that governs a Rule 12(b)(6) motion to dismiss. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 n.2 (10th Cir. 2002). Judgment on the pleadings is therefore only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). In deciding such a motion, the Court's function "is not to weigh potential evidence that the parties might present at trial," but to assess whether the pleadings alone are legally sufficient to state a claim." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

## III.
## DISCUSSION

**A.    Contribution and Traditional Indemnification**

Under New Mexico law, Union Pacific's claims for contribution and indemnification are only viable if the Railroad could be held jointly and severally liable for some portion of damages attributable to Defendants. See Wilson v. Franzoy, 731 P.2d 955, 957 (N.M. Ct. App. 1986);

3

N.M. Stat. Ann. § 41-3A-1(E).  The state has, however, adopted a system under which tortfeasors are only subject to several liability unless they engage in tortious conduct for which joint and several liability has been explicitly retained.  See N.M. Stat. Ann. § 41-3A-1(A)-(G); Servants of the Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp. 1560 (D.N.M. 1994).  As a result, the Railroad can only proceed with its claims if, under the facts alleged, a recognized exception to the general rules of apportionment may apply.

   1.   *Contribution*

Union Pacific argues that it is entitled to pursue its contribution claims based on the possibility that it could be either (1) classified as a "joint tortfeasor" with Defendants, or (2) held jointly liable with them based on a finding that railroad employees started the March 8 fire while engaging in an inherently dangerous activity.  Regarding the first argument, the Court notes that prior to the adoption of several liability in New Mexico, multiple tortfeasors were jointly and severally liable for any indivisible damages they caused.  Andrew G. Schultz and M.E. Occhialino, Statutory Adoption of Several Liability in New Mexico: A Commentary and Quasi-Legislative History, 18 N.M. L. Rev. 484, 499-500 (1988).  If a "joint tortfeasor" then paid more than its share of damages to the plaintiff, it was entitled to contribution from the others.  Id. at 500.  Under the modern system, this classification has lost its significance.  See Wilson v. Galt, 668 P.2d 1104, 1108 (N.M. Ct. App. 1983); Schultz and Occhialino, supra, at 499-502.  Standing alone, it therefore fails to allow Union Pacific to pursue contribution from Defendants in this case.

With respect to the Railroad's second argument, New Mexico holds entities that engage others to perform inherently dangerous work jointly liable for injuries caused by their failure to take reasonable precautions in light of the danger presented.  Gabaldon v. Erisa Mortgage Co.,

4

990 P.2d 197, 200 (N.M. 1999); Enriquez v. Cochran, 967 P.2d 1136 (N.M. App. 1998). The jointly liable party is then entitled to contribution from those who actually performed the inherently dangerous work. Saiz v. Belen Sch. Dist., 827 P.2d 102, 115 (N.M. 1992). However, joint liability under this doctrine is limited in that it does not extend to the independent negligence of tortfeasors over whom the hiring entity has no control. Abeita v. Northern Rio Arriba Electric Cooperative, 946 P.2d 1108, 1115 (N.M. Ct. App. 1997).

The Railroad does now, however, identify any inherently dangerous activities and the only obvious one is the rail repair. But the claims pending against Third-Party Defendants are based on allegations that they breached duties unrelated to Union Pacific's rail repairs. The issue of whether railroad employees started the fire while performing inherently dangerous work thus has no bearing on the apportionment of liability between the Railroad and Third-Party Defendants. As a result, Union Pacific cannot rely on this doctrine as the basis for its contribution claims.

### 2. *Traditional Indemnification*

The Railroad next asserts that it has a right to seek traditional indemnification from Third-Party Defendants. Traditional indemnification allows a party who has been held liable without active fault to seek recovery from those who played an active role in causing harm. Amrep Southwest, Inc. v. Shollenbarger Wood Treating, Inc. (In re Consolidated Vista Hills Retaining Wall Litigation), 893 P.2d 438, 442 (N.M. 1995). As such, a party can only claim a right to traditional indemnification if it is held passively liable for damages caused by an active tortfeasor. Id. To qualify as "passive," liability must arise from either (1) failing to discover and remedy a dangerous situation created by the wrongdoing of another, or (2) serving as the retailer in a product's chain of distribution. Id. at 443.

5

Union Pacific's allegations that it is, at most, passively liable for the March 8 accident are unsupported by even the most generous reading of the pleadings. Taken as a whole, the facts presently alleged suggest the Railroad will either be held liable for playing an active role in causing the accident or exonerated completely. Under either scenario, it would not be entitled to traditional indemnification from the Third-Party Defendants. Krametbauer v. McDonald, 104 P.2d 900, 905 (N.M. 1940) (holding that "one tort-feasor [sic] cannot recover indemnity from another where their joint concurring acts were the proximate cause of damage").

However, Union Pacific provides an alternative argument for indemnification based on its contention that the case may involve successive torts. Under New Mexico law, a tortfeasor who causes an initial injury is jointly liable for any enhancement of the injury caused by the successive, foreseeable negligence of a third party. See Lewis v. Samson, 35 P.3d 972 (N.M. 2001). The original tortfeasor is then entitled to indemnification from the successive tortfeasors for damages associated with the enhanced injury. Lujan v. Healthsouth Rehab. Corp., 902 P.2d 1025, 1029 (N.M. 1995). While this form of indemnification is closely tied to traditional indemnification, its availability turns on (1) whether the case involves an original injury enhanced by the negligence of a third party, and (2) whether the party seeking indemnity is the "original tortfeasor." See Lewis, 35 P.3d at 985-86; Haceesa v. United States, 309 F.3d 722, 730 (10th Cir. 2002).

Here, the pleadings do not contain any allegations that one or more of the individuals killed in the accident would have survived in the absence of the Third-Party Defendants' successive negligence. Moreover, the claims pending against Union Pacific are all based on allegations that its employees started a fire that obscured visibility on I-40. As a result, it could only have been the original tortfeasor if smoke from the fire was present when the first vehicles

6

collided, but dissipated before the subsequent pile-up. Its claims against Third-Party Defendants, however, are grounded on allegations that they failed to properly react to smoke blowing across I-40, and it specifically alleges that any negligence on its part was concurrent with that of Third-Party Defendants. The Court therefore finds that this theory for indemnification is unsupported by the facts alleged.

### 3.  *Proportional Indemnification*

Union Pacific supports its third theory of recovery - proportional indemnification - with arguments that it is entitled to recover on these claims both for damages it may be forced to pay in the Herber litigation and for money it has already paid settling with other potential claimants. New Mexico has recognized a right to proportional indemnification as a means of equitably adjusting liability when a defendant is denied the ability to raise the fault of a concurrent tortfeasor as a defense because of the plaintiff's choice of remedy. Otero v. Jordan Restaurant Enterprises, 922 P.2d 569, 572-73 (N.M. 1996). It is not available when the fault of all alleged tortfeasors can be compared. Id.

Here, because New Mexico tort law "provides a ready mechanism by which to fairly apportion liability for damages among all those at fault under the doctrine of comparative negligence," Union Pacific does not have a right to proportional indemnification with respect to the claims pending against it. Shollenbarger, 893 P.2d at 448-49. With respect to money Union Pacific has already paid to third parties, it was under no obligation to settle with any potential claimant for more than its share of the damages. See Wilson, 668 P.2d at 1109-10 (holding that, where several liability applies, the consideration paid in settlement and release by one tortfeasor only satisfies that tortfeasor's percentage of fault). Moreover, because New Mexico prohibits the

assignment of wrongful death and personal injury claims, Union Pacific was not entitled to negotiate settlements on behalf of the Third-Party Defendants' behalf without their authorization. See Quality Chiropractic v. Farmers Ins. Co. of Ariz., 51 P.3d 1172 (N.M. Ct. App. 2002); Star Ins. Co. v. Vigil, No. 01-935 (D.N.M., filed Dec. 12, 2001).  If it misunderstood these established legal principles when it entered the settlement agreements, this Court will not now intercede to grant it relief.  See generally State ex rel. Callaway v. Axtell, 393 P.2d 451, 454 (N.M. 1964); Restatement (First) of Restitution § 45.

**B.     Comparative Responsibility**

The final substantive claims Union Pacific pleaded against Defendants are for "comparative responsibility."  Comparative fault is, however, an affirmative defense rather than a cause of action under New Mexico law.  See  M.E. Occhialino, Bartlett Revisited: New Mexico Tort Law Twenty Years After the Abolition of Joint and Several Liability, 33 N.M. L. Rev. 1, 24 (2003). Accordingly, judgment will be entered in favor of Defendants on these claims.

**C.     Impleader**

The Court concludes its analysis with the issue of whether Union Pacific can properly invoke Rule 14 to implead parties in the pending litigation.[2]  The Herber Plaintiffs have now filed claims against all of the corporate entities against which Union Pacific seeks to recover as well as Diane Bruhn.  As a result, this issue only affects the remaining individual Defendants the Railroad seeks to join.

---

[2]While other pending motions directly address the merits of these claims, the Court limits its analysis here to the procedural requirements imposed by Rule 14.

Federal Rule of Civil Procedure 14(a) provides that a defending party is entitled to file a third-party complaint against anyone who is not a party to the action who may be liable to the third-party plaintiff for all or part of the plaintiff's claim. Fed. R. Civ. P. 14(a). In a diversity action, Rule 14 can only be invoked if the controlling state law provides the third-party plaintiff a substantive, derivative right to recover from the impleaded party. Hefley v. Textron, Inc., 713 F.2d 1487, 1498 (10th Cir. 1983). Rule 14 claims must therefore attempt to pass off to the third-party defendant some portion of the third-party plaintiff's liability in the underlying case. Fed. R. Civ. P. 14 advisory committee's note; EEOC v. Gard Corp., 795 F. Supp. 1070, 1072 (D. Kan. 1992); Ocasek v. Haggland, 673 F, Supp. 1084 (D. Wyo. 1987).

In light of the problems with each of Union Pacific's substantive causes of action discussed above, the only remaining potential grounds for impleader arises from the Railroad's desire to make all parties who may be liable for the accident parties to the case. This Court has, however, held that this interest alone is insufficient to state an impleader claim. Assembled Electronic Optimized Solutions v. Manncorp., Inc., CIV 99-834, slip op. at 4-6 (Oct. 17, 2001). See also Lopez de Robinson v. United States, 162 F.R.D. 256 (D.P.R. 1995). Although the Railroad challenges the analysis adopted in Assembled Electronic, the Court remains convinced that binding Tenth Circuit precedent dictates this result. See Hefley, 713 F.2d at 1497 (holding that as long as a party's substantive right not to face liability for more than its proportionate share of fault is protected, courts must apply federal law to determine if impleader is appropriate);[3] see

---

[3] The Court specifically rejects Union Pacific's argument based on the analysis followed by the District of Utah in Tietz v. Blackner, 157 F.R.D. 510, 512-14 (D. Utah 1994). There, a federal magistrate judge held that impleader was proper under analogous facts based on its determination that Utah recognizes a substantive right to join all potentially liable parties in a tort action. Id. The opinion neither discusses Hefley, nor provides any means by which its reasoning

also Hanna v. Plumer, 380 U.S. 460 (1965).  Accordingly, although Union Pacific might be entitled to implead these parties based on claims that will arise as the litigation goes forward, it cannot do so at this time.[4]

## IV.
## CONCLUSION

For the reasons set forth above, the Court finds that Union Pacific is not entitled to proceed with its claims for contribution, traditional indemnification, proportional indemnification, or comparative responsibility/proration of fault.  Because it is possible that facts will emerge to support indemnification under the successive torts scenario detailed above, both the traditional indemnification and related claims for impleader will be dismissed without prejudice.  Judgment against Union Pacific will be entered on all other claims.  See Bushnell Corp. v. ITT Corp., 973 F. Supp. 1276, 1281-82 (D. Kan. 1997).

## ORDER

**WHEREFORE,**

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (Doc. 190) will be GRANTED, and judgment will be entered in their favor except insofar as Union Pacific's

---

can be squared with the distinction between substantive and procedural impleader issues the Tenth Circuit drew in that case.

[4]The other rules cited by Union Pacific in its briefs do not provide a proper vehicle for joining these individuals as parties to the case.  In particular, the Court notes that, because fault can be apportioned among "persons not party to the case," N.M. Stat. Ann. § 41-3A-1(B), the individuals at issue are not necessary parties.  See generally Salt Lake Tribune Publ'g Co., LLC v. At&T Corp., 320 F.3d 1081, 1097 (10th Cir. 2003).

traditional indemnification and associated impleader claims are concerned. The latter will be dismissed without prejudice.

DATED at Albuquerque this 12th day of September, 2003.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For First-Party Plaintiffs:

    Kenneth C. Downes
    Roy A. Jacobson, Jr.
    Edward Moriarity
    Donald Sullivan

For Union Pacific:

    Clifford K. Atkinson
    Michael E. Kaemper
    John S. Thal

For Defendants:

    Lance Dean Richards    Robert J. Tribeck
    Alan M. Briskin    Jennifer Leigh Collins
    Brian K. Branch
    Thomas Raymond Mack
    J. Duke Thornton
    Terrence P. Yenson
    Warren F. Frost
    Robert J. Mroz
    Michael A. Penn